UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| TARA GRALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:24-cv-04209-SLD |
| | ) |
| WILLIAM GRALL, TAMMY GRAHAM, | ) |
| G-TEAM, PC dba SHOALS FAMILY | ) |
| THERAPY, and RENEE LYNN KROLL | ) |
| GRALL, | ) |
| | ) |
| Defendants. | ) |

ORDER

The matter comes before the Court for review of Plaintiff Tara Grall's Complaint, ECF No. 1, and for ruling on her motion for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2; motion for permission to e-file, ECF No. 3; and Motion to Transfer Alabama State Case to Federal Court, ECF No. 4. For the reasons that follow, the Court RESERVES RULING on the motion for permission to e-file, the motion to proceed IFP is GRANTED, the motion to transfer is DENIED, and Plaintiff is DIRECTED to file an amended complaint adequately alleging subject matter jurisdiction.

I.    **IFP Motion**

28 U.S.C. § 1915(a)(1) allows a court to authorize commencement and prosecution of a suit without prepayment of fees by a person who submits an affidavit stating her assets and that she is unable to pay such fees. *See Holly v. Wexford Health Servs., Inc.*, 339 F. App'x 633, 635–36 (7th Cir. 2009). Plaintiff has submitted an affidavit signed under penalty of perjury which demonstrates that she is unable to pay the costs of the proceeding. IFP Pet. 1–5. The motion to proceed IFP, therefore, is GRANTED.

1

## II. Subject Matter Jurisdiction

Plaintiff files suit against Defendants William Grall, Tammy Graham, G-Team, PC dba Shoals Family Therapy, and Renee Lynn Kroll Grall asserting breach of contract and unjust enrichment claims. Compl. 2, 7–8.[1] She alleges that the Court has diversity jurisdiction over her case under 28 U.S.C. § 1332, *id.* at 6, but the Complaint does not contain sufficient allegations for the Court to determine whether exercising diversity jurisdiction is appropriate.

District courts have diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C. § 1332(a)(1). For a court to exercise diversity jurisdiction, there must be complete diversity between the parties. *Pain Ctr. of Se. Ind. LLC v. Origin Healthcare Sols. LLC*, 893 F.3d 454, 458 (7th Cir. 2018). This means "that no plaintiff may be a citizen of the same state as any defendant." *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) (quotation marks omitted). To determine whether complete diversity exists, the citizenship of each party must be identified. *Cf. Dalton v. Teva N. Am.*, 891 F.3d 687, 690 (7th Cir. 2018) ("[P]roving the citizenship of each party is [the plaintiff's] burden.").

Plaintiff's allegations regarding diversity jurisdiction are deficient in two respects. First, she does not identify the citizenship of each Defendant. Plaintiff must identify the citizenship of Defendants Tammy Graham and Renee Lynn Kroll Grall. Citizenship for an individual is based on domicile, or "the place one intends to remain." *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002).

Second, the Court cannot determine G-Team, PC's citizenship from the Complaint's allegations. A corporation is a citizen of each state in which it is incorporated and the state

---

[1] The Complaint is not consistently paginated so the Court uses the page numbers generated by CM/ECF.

"where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Plaintiff alleges that G-Team, PC is incorporated in Alabama and that it has principal places of business in Alabama, Illinois, Mississippi, and Georgia. Compl. 6. But a corporation can have only one principal place of business. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (holding that a corporation's principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities" and that it "is a single place"). Plaintiff must allege only one principal place of business for G-Team, PC. Typically, the principal place of business is "where the corporation maintains its headquarters," as long as that is "the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,'" for the corporation. *Id.* at 93.

Plaintiff has until February 28, 2025 to file an amended complaint that identifies each party's citizenship.

### III.    Motion to E-File

The Court RESERVES RULING on the motion to become an e-filer. If Plaintiff files an amended complaint that provides a basis for the Court to exercise subject matter jurisdiction and that survives merit review pursuant to 28 U.S.C. § 1915(e)(2)(B), then the Court will consider granting Plaintiff permission to become an e-filer.

### IV.    Motion to Transfer

Plaintiff asks that the Court "transfer the pending state court action styled William G. Grall v. Tara Grall, filed in the Circuit Court of Lauderdale County, Alabama, Case No. 41-cv-2024-900070.00 . . . to this federal case" pursuant to 28 U.S.C. § 1441 and § 1446. Mot. Transfer 1.

The Court is prohibited from granting such relief. A defendant can remove a civil action brought in a state court to federal court if the federal court has original jurisdiction over the

matter. 28 U.S.C. § 1441(a). But the defendant must remove such an action "to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* The suit Plaintiff has identified is pending in Alabama, not Illinois. Plaintiff would have had to remove the case to the federal district court embracing Lauderdale County, Alabama. The motion is DENIED.

## CONCLUSION

For the foregoing reasons, the motion for leave to proceed *in forma pauperis*, ECF No. 2, is GRANTED, and the motion to transfer, ECF No. 4, is DENIED. Plaintiff Tara Grall must file an amended complaint that identifies each party's citizenship by February 28, 2025. Failure to do so will result in dismissal of this case for lack of subject matter jurisdiction. The Court RESERVES RULING on the motion to e-file, ECF No. 3.

Entered this 29th day of January, 2025.

s/ Sara Darrow<br>
SARA DARROW<br>
CHIEF UNITED STATES DISTRICT JUDGE