UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| TARA GRALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:24-cv-04209-SLD-RLH |
| | ) |
| WILLIAM G. GRALL, TAMMY GRAHAM, G-TEAM, P.C. d/b/a SHOALS FAMILY THERAPY, and RENEE LYNN KROLL GRALL, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court are Plaintiff Tara Grall's Motion to Reconsider Order Denying Default Judgement Against Tammy Graham, ECF No. 25; Defendant William G. Grall's Motion to Dismiss This Case From Federal Court, ECF No. 11; and Defendant Tammy Graham's motion to dismiss, ECF No. 18.  For the following reasons, Tara's Motion to Reconsider is DENIED, William's Motion to Dismiss is GRANTED, and Graham's motion to dismiss is MOOT.  This case is DISMISSED WITHOUT PREJUDICE.

## BACKGROUND[1]

Tara jointly owns Defendant G-Team, P.C. d/b/a Shoals Family Therapy ("G-Team")—an Alabama corporation—with her now-ex-husband William.  William "unilaterally ceased operations of G-Team, . . . misappropriated its assets, and used them to form a competing business."  Am. Compl. 3, ECF No. 7.[2]  Unbeknownst to Tara, Graham attended G-Team

---

[1] When reviewing a motion to dismiss, the court "accept[s] as true all well-pleaded facts in the complaint and draw[s] reasonable inferences in favor of the plaintiff."  *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 523 (7th Cir. 2022).  The factual background is drawn from the Amended Complaint, ECF No. 7.
[2] The Court uses the page numbers generated by CM/ECF because the Amended Complaint is not paginated.

1

business meetings with William and signed meeting minutes. Graham assisted in financial transactions that allowed William to misappropriate G-Team's assets. Defendant Renee Lynn Kroll Grall was married to William beginning on October 29, 2024, until an unknown date, and "has aided and benefited from the misappropriation of business assets." *Id.* at 3.

Tara filed this suit on November 7, 2024. Compl., ECF No. 1. At the Court's direction, *see* Jan. 29, 2025 Text Order, Tara filed an Amended Complaint properly identifying each party's citizenship and invoking this Court's diversity jurisdiction. She brings six claims against Defendants: (1) Breach of fiduciary duty, (2) Conversion, (3) Fraud and misrepresentation, (4) Breach of contract, (5) Tortious interference with business relationships, and (6) Unjust enrichment. She seeks compensatory and punitive damages, an injunction preventing Defendants from using stolen business assets, the return of those business assets, attorney's fees, and the transfer and consolidation of a case currently pending in Alabama state court.

The Court granted Tara leave to proceed *in forma pauperis*, Jan. 29, 2025 Order 1, ECF No. 5, and directed the U.S. Marshals Service ("USMS") to serve Defendants, Feb. 28, 2025 Order 2, ECF No. 8. No summons has been returned for Kroll Grall, but she filed an answer that was docketed on April 23, 2025. *See* Kroll Grall Answer, ECF No. 16. USMS attempted to serve Defendant G-Team at the address provided by Plaintiff in the proposed summons attached to her original Complaint. *See* G-Team Proposed Summons, Compl. Ex. 2, ECF No. 1-2 at 5–6 (listing G-Team's address as 225 W Alabama St, Florence, AL 35630). USMS returned the summons unexecuted, attesting that, as of April 7, 2025, the property was vacant. *See* G-Team Unexecuted Summons, ECF No. 15.

USMS returned executed summonses showing that William was served on March 11, 2025, *see* William Executed Summons, ECF No. 10, and Graham was served on April 7, 2025,

*see* Graham Executed Summons, ECF No. 14. William now moves to dismiss this case from federal court. *See generally* William's Mot. Dismiss. On April 29, 2025, Tara moved for default judgment against Graham. *See* Mot. Default J. Against Graham, ECF No. 17. Graham filed a motion to dismiss which was docketed on May 1, 2025, and Tara responded to Graham's motion on May 2, 2025, *see* Tara's Resp. Opp. Graham's Mot. Dismiss, ECF No. 20. The Court denied Tara's Motion for Default Judgment Against Defendant Tammy Graham, *see* May 8, 2025 Text Order, and Tara now asks the Court to reconsider that ruling, *see* Mot. Reconsider.

## DISCUSSION

### I. Motion to Reconsider

Tara urges the Court to reconsider its denial of her Motion for Default Judgment against Graham. The Court denied Tara's motion for default judgment for two reasons: (1) Entry of default is required before a motion for default judgment, and Tara has not moved for Graham's default; and (2) Default is inappropriate because Graham has defended herself by filing a motion to dismiss. May 8, 2025 Text Order.

### a. Legal Standard

The Court evaluates Tara's motion to reconsider under Rule 54(b), which provides that, prior to the entry of judgment, a court can reconsider any order adjudicating fewer than all the claims or rights and liabilities. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 & n.14 (1983). "Motions for reconsideration serve the limited function of allowing the [c]ourt to correct manifest errors of law or fact or to consider newly discovered material evidence." *Morningware, Inc. v. Hearthware Home Prods., Inc.*, No. 09 C 4348, 2011 WL 1376920, at *2 (N.D. Ill. Apr. 12, 2011). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to

3

recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quotation marks omitted). A motion to reconsider is proper where the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quotation marks omitted). "Because the standards for reconsideration are exacting, the Seventh Circuit has stressed that appropriate issues for reconsideration rarely arise and the motion to reconsider should be equally rare." *Echols v. Nurse*, No. 1:24-cv-01489-JEH, 2025 WL 1600921, at *1 (C.D. Ill. Mar. 5, 2025) (quotation marks omitted).

b. Analysis

Tara argues that the Court has "overlook[ed] material facts and misappl[ied] controlling law." Mot. Reconsider 1. She asserts that the Court's decision "relie[d] on the lack of a formal request for clerk's entry of default," but that she "was procedurally correct in filing for default once the 21-day deadline lapsed." *Id.* at 2. She cites to *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004), asserting that the case "acknowledges the two[-]stage process of default proceedings but does not prohibit filing for judgment when default is clear on the record and the defendant has made no timely defense." *Id.* She further argues that Graham's "late filing [of her motion to dismiss] should not retroactively eliminate a procedurally proper motion for default judgment" and that Graham's "delay was unexplained, caused strategic prejudice, and followed a consistent pattern of obstruction and noncompliance." *Id.*

Tara has not shown that the Court made a manifest error of law or fact, nor has she presented any newly discovered material evidence. Her motion to reconsider must be denied on several bases. First, Tara's assertion that she "was procedurally correct in filing for default" is

inaccurate. She did *not* file for *default*—she filed for *default judgment*. These are two different things, and entry of default is a necessary step that must precede default judgment. *See Campbell v. Swanson*, No. 4:22-cv-04013-SLD-JEH, 2023 WL 2754926, at *4 n.8 (C.D. Ill. Mar. 31, 2023).

Second, contrary to Tara's belief, Graham's motion to dismiss was timely filed. A defendant is required to serve an answer or motion to dismiss within 21 days of being served with a complaint. Mot. Reconsider 2; Fed. R. Civ. P. 12(a)(1)(A)(i), 12(b). Graham was served on April 7, 2025, meaning that her answer or other response was due April 28, 2025. Tara argues that Graham "failed to file any responsive pleading or motion by that deadline" because her motion to dismiss was not filed until three days later on May 1, 2025. Mot. Reconsider 2. But Rule 12(a) does not address when a responsive pleading must be *filed*—it only addresses when a responsive pleading must be *served*. Rule 5(b)(2)(C) provides that mail is a proper method of service for a responsive pleading and that "service is complete upon mailing" the document to the recipient's last known address. Graham certifies that she mailed her motion to dismiss to Tara on April 25, 2025—three days before the expiration of the 21-day deadline. *See* Graham Mot. Dismiss ("I hereby certify that I have served a true and correct copy of the above motion to Tara Grall on April 25,[]2025.").

A default judgment "is a weapon of last resort"—it "should be used only in extreme situations" where a defendant "wil[l]fully disregards pending litigation." *Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007). That is not the case here. Graham timely filed a motion to dismiss, meaning that entry of default against her would be inappropriate. Accordingly, Tara's Motion to Reconsider is DENIED.

5

## II. Motion to Dismiss for Improper Venue

William moves to dismiss this case from federal court and requests that this "Court allow Alabama courts to complete the ruling on these matters." William's Mot. Dismiss 1. He asserts that William and Tara's final divorce decree states that all matters concerning G-Team will be handled in Alabama courts, and that "[t]here are many pending litigations that [Tara] has filed in the Alabama courts." *Id.* William argues that "[c]hanging the forum [from Alabama to Illinois] at this time will cause more financial hardship, confusion, and delays in litigation for all parties involved." *Id.*

### a. Legal Standard

The Court construes William's arguments as a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3). The question of whether venue is "improper" is governed by the general venue statute, 28 U.S.C. § 1391. *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 55 (2013). Where the court's jurisdiction is based on diversity—as it is here—a civil suit may only be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). To decide if venue is improper, a court must determine whether the case falls into one of the three categories enumerated in § 1391(b). *Atl. Marine Constr. Co.*, 571 U.S. at 56. "If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under [28 U.S.C.] § 1406(a)." *Id.*

When ruling on a motion to dismiss for improper venue, the court must accept the complaint's allegations as true "unless those allegations are contradicted by evidence submitted by the defendant." *Applied Ballistics, Inc. v. Sheltered Wings, Inc.*, No. 1:23-cv-2060-JMS-MKK, 2024 WL 1991446, at *1 (S.D. Ind. May 6, 2024); *see also Deb v. SIRVA, Inc.*, 832 F.3d 800, 809 (7th Cir. 2016) ("Rule 12(b)(3) is a somewhat unique context of dismissal in that a court may look beyond the mere allegations of a complaint, and need not view the allegations of the complaint as the exclusive basis for its decision."). "If venue is proper under 28 U.S.C. § 1391, the case may not be dismissed under Rule 12(b)(3)." *Applied Ballistics, Inc.*, 2024 WL 1991446, at *1.

**b. Analysis**

The Court finds that this case does not fit into any of the three categories set forth in § 1391(b), and therefore venue in the Central District of Illinois is improper. First, Tara alleges that Defendants are not all residents of the same State, meaning that § 1391(b)(1) does not apply. *See* Am. Compl. 2–3 (alleging that William is a resident of Mississippi, Graham is a resident of Alabama, G-Team is incorporated in Alabama with its principal place of business in Mississippi, and Kroll Grall is a resident of Georgia).

Second, Tara alleges that the events giving rise to her claims occurred in Alabama and Mississippi, and that a substantial part of the allegedly misappropriated assets are in Alabama and Mississippi. *See generally id.* Tara's claims center on G-Team, the corporation she jointly owns with William. She alleges that G-Team is incorporated in Alabama and had its principal place of business in Mississippi from March 2020 to August or December 2023. *Id.* at 2. She alleges that William misappropriated G-Team's assets and that Graham and Kroll Grall aided and benefited from William's misappropriation. *Id.* at 2–3. The reasonable inference is that all,

7

or almost all, of the property that is the subject of this action—*e.g.*, client lists, company funds, company equipment and furniture, and electronic records that were wrongfully taken by Defendants—is located in Alabama and/or Mississippi. And because Tara could sue in a district in Alabama or Mississippi under § 1391(b)(2), venue in the Central District of Illinois is not proper under § 1391(b)(3). *See Farmer v. Levenson*, 79 F. App'x 918, 920 (7th Cir. 2003) (finding that the Northern District of Illinois was not the proper venue because the defendants resided in Georgia, the events giving rise to the action occurred in the Northern District of Georgia, and "because there [wa]s another district where the [plaintiffs] could sue"). Indeed, the only connection Illinois has to this lawsuit is that Tara lives here—but a plaintiff's state of residence is irrelevant for venue purposes. *Cf. King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992) ("[T]he only connection of Arizona to this suit is [the] plaintiff's current maintenance of residence in Arizona. Thus, under the general venue statute, the District of Arizona is not the proper venue for this action.").

  Having found that the Central District of Illinois is the wrong venue, this Court must now decide whether to dismiss this case without prejudice, "or if it be in the interest of justice," transfer the case to any district in which could have originally been filed. 28 U.S.C. § 1406(a); *see also Atl. Marine Constr. Co.*, 571 U.S. at 55 (recognizing that § 1406(a) and Rule 12(b)(3) "authorize dismissal only when venue is 'wrong' or 'improper' in the forum in which it was brought"). "Transfers in the interest of justice are generally favored over dismissals," *Tolbert v. Nationstar L.L.C.*, No. 24-cv-9-DWD, 2024 WL 4253330, at *2 (S.D. Ill. Sept. 20, 2024), but ultimately, the decision whether to transfer or dismiss a case "rests within the sound discretion of the district court," *Talsk Rsch. Inc. v. Evernote Corp.*, No. 16-CV-2167, 2017 WL 4269004, at *6 (N.D. Ill. Sept. 26, 2017) (quotation marks omitted). Dismissal, rather than transfer, is

appropriate "where [the] plaintiff's filing of the action smacks of harassment or evidences some other element of bad faith." *Tolbert*, 2024 WL 4253330, at *2 (quotation marks omitted); *see also* 17 *Moore's Federal Practice* § 111.34 (2025) ("[T]ransfer will not be in the interest of justice and courts will dismiss if the plaintiff brought the action in the wrong district . . . in bad faith in an attempt to circumvent an adverse ruling in a related action pending elsewhere.").

Here, the Court finds that the interest of justice weighs against transferring this case. Soon after she filed her original Complaint, Tara filed a Motion to Transfer Alabama State Case to Federal Court in which she requested that this Court "[t]ransfer the pending Alabama state court case, styled William G. Grall v. Tara Grall, Case No. 41-cv-2024-900070.00, currently pending before the Honorable Judge Graves in the Circuit Court of Lauderdale County, Alabama, to the United States District Court for the Central District of Illinois, Rock Island Division, and consolidate it" with the instant case. Mot. Transfer 3, ECF No. 4. In support of her motion, Tara argued that transfer and consolidation would "promote judicial economy and avoid duplicative litigation, as both cases arise from the same nucleus of operative facts regarding the business/financial dispute between the parties." *Id.* at 2. Both the Alabama state court and this Court denied Tara's motion to transfer the Alabama state court case to federal court. *Id.*; Jan. 29, 2025 Order 3–4. Given that the instant case is—in Tara's words— "duplicative" and "arise[s] from the same nucleus of operative facts," the Court finds that transfer of this case would be redundant. Because the interest of justice weighs against transfer, this case is DISMISSED WITHOUT PREJUDICE for improper venue pursuant to 28 U.S.C. § 1406(a).

**CONCLUSION**

For the foregoing reasons, Plaintiff Tara Grall's Motion to Reconsider Order Denying Default Judgement Against Tammy Graham, ECF No. 25, is DENIED; Defendant William G. Grall's Motion to Dismiss This Case From Federal Court, ECF No. 11, is GRANTED; and Defendant Tammy Graham's motion to dismiss, ECF No. 18, is MOOT.  This case is DISMISSED WITHOUT PREJUDICE for improper venue pursuant to 28 U.S.C. § 1406(a) and Federal Rule of Civil Procedure 12(b)(3).  The Clerk is directed to enter judgment and close the case.

Entered this 31st day of July, 2025.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
